# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHARLES EMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) NO. 13-CV-1055-FJG |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| PRLAP, INC., and OCWEN FINANCIAL | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## ORDER

Currently pending before the Court is defendant Bank of America, N.A.'s ("BANA") and Ocwen Financial Corporation's ("Ocwen") Motion to Dismiss (Doc. # 5) and Plaintiff's Motion to Remand (Doc. # 8).

### I. BACKGROUND

On June 7, 2013, plaintiff proceeding pro se, filed a "Petition to Remove Lien" in the Clay County District Court. Plaintiff states in his petition that "pursuant to Missouri Statute 428.120 plaintiff petitions Clay County District Court to direct the lien claimants, ex parte, to appear before the court within ten business days following the date of service of the petition and order on the lien claimant, and show cause, if any, why the claim of lien should not be declared void and other relief provided by section 428.125 should not be granted."

Plaintiff alleges that Judith Kuhlman and her deceased husband (Paul W. Kuhlman) owned the subject property. Plaintiff states that on May 1, 2013, he contacted Judith

Kuhlman about the property located at 3000 N.E. 76th Street, Gladstone, Missouri. Plaintiff states he agreed to make all necessary repairs to the property in exchange for equity in the property. Plaintiff states that a search of county records revealed that there were three liens filed against the property. One was from Bank of America titled "Deed of Trust," dated 12/4/2007 and filed 2/27/2008. It stated that "[t]he lien [on] this Deed of Trust shall not exceed at any one time $165,243.12." The two other liens were tax liens. Plaintiff states that he agreed to take a Quitclaim Deed to the property and assume any and all responsibility for liens on the property, finish repairs at his own expense and assist Judith Kuhlman in other matters. Plaintiff states that he and Mrs. Kuhlman believe that her deceased spouse, Paul Kuhlman, intended the mortgage to be in Mr. Kuhlman's name only. Plaintiff asserts that Mrs. Kuhlman believes that her signature on the Deed of Trust "appears forged." Plaintiff alleges that Judith Kuhlman quitclaimed her interests in the property to him on June 1, 2013 and he filed the quitclaim with the Clay County Recorder of Deeds on June 3, 2013.

## II.　　STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a

2

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

### III.    DISCUSSION

**A.  Defendants' Motion to Dismiss**

Defendants move to dismiss the petition stating that plaintiff cannot bring a claim for nonconsensual common law lien. Mo.Rev.Stat. §428.105.1(3) defines a nonconsensual common law lien as:

> . . . a document that purports to assert a lien against the assets, real or personal, of any person and that, regardless of any self-description:
>
> (a) Is not expressly provided for by specific state or federal statute;
>
> (b) Does not depend upon the consent of the owner of the property affected or the existence of a contract for its existence; and
>
> (c) Is not an equitable or constructive lien imposed by a state or federal court of competent jurisdiction.

Defendants state that the Deed of Trust does not qualify as a nonconsensual common law lien because it depends on the consent of the owners of the Property and because (Mrs. Kuhlman and her late husband) consented to the Deed of Trust at the time it was executed. Defendants also argue that plaintiff is unable to state a claim for quiet title because he cannot prove that his title is superior to that of the defendant.

In response, plaintiff's counsel fails to address any of the substantive issues and states that the matters before the Court are of a "jurisdictional nature" and are not "of those stated claims" contained in defendants' motion to dismiss. (Doc. # 9, ¶ 4).

After reviewing plaintiff's petition, the Court finds that plaintiff is not attempting to

assert a nonconsensual common law lien. The petition states "[p]laintiff requests that Court declare lien Void Ab Initio upon a finding of nonconsensual common law lien or failure of Defendants to appear within 10 days of service of this petition." (Petition p. 3, ¶ 16). Rather, it would appear that plaintiff is asking the Court to declare the current lien void if it is determined that Judith Kuhlman did not consent or sign the Deed of Trust. The Court does not find that this is a basis for dismissal of the plaintiff's petition.

Secondly, defendants argue that plaintiff is unable to assert a claim for quiet title, because he has not alleged any specific facts which would support his request to void the Deed of Trust other than the allegation that Judith Kuhlman's signature "appears forged."

> Under Missouri law, any person claiming title or interest in real property 'may institute an action against any person or persons having or claiming to have any title, estate or interest in such property.' Mo.Rev.Stat. § 527.150(1). To maintain a cause of action for quiet title, a plaintiff must plead: (1) ownership of the described real estate; (2) that the defendant claims title or interest in the subject premises; and (3) such claim is adverse and prejudicial to plaintiff.

White v. CTX Mortgage, LLC, No. 13-0335-CV-W-DGK, 2014 WL 1806705, *6 (W.D.Mo. May 7, 2014). Plaintiffs must plead "facts showing they, in fact, have a superior title to the property at issue." Dufrenne v. Citimortgage, Inc., No. 4:09CV1524 HEA, 2009 WL 5103275, *3 (E.D.Mo. Dec.17, 2009).

In the instant case, plaintiff alleges that he "has acquired all interests to subject property through Quitclaim deed." (Petition p.2, ¶ 1). Plaintiff further states that he is seeking a "declaration that the title to subject property is vested in plaintiff alone and that the defendant's claims of title or interest in the subject property be forever enjoined from asserting any estate, right, title or interest in the property adverse to plaintiff's

4

herein. . .." (Petition p.3, ¶14).  Finally, plaintiff asserts that "upon information and belief that Defendant's claims to subject property are adverse to his own and question all legal, equitable and other claim or interest in said property." (Petition p.3, ¶13). Upon review of the plaintiff's petition, the Court finds that plaintiff has sufficiently alleged the elements necessary to state a claim for quiet title.  Additionally, plaintiff has pled facts which if proven to be true, would show that he has a superior interest in the title.  Accordingly, the Court hereby **DENIES** defendants' Motion to Dismiss (Doc. # 5).

### B. Plaintiff's Motion to Remand

Plaintiff argues that this case should be remanded because it was untimely removed, there is not complete diversity amongst the parties, the amount in controversy requirement has not been met and not all of the defendants have joined in the notice of removal. The Court will address each of these arguments in turn.

### 1. Removal Principles

A defendant may remove a state court action to federal court based on diversity of citizenship when the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  A corporation is a citizen of its state of incorporation and also of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1). It is defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).  The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. Of America, 992 F.2d 181, 183 (8th Cir. 1993).

The Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." Eg., In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Drobnak v. Andersen Corp., 561 F.3d 778, 786 (8th Cir. 2009); James Neff Kramper Family v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F.Supp. 2d 1028, 1036 (E.D. Mo. 2004). The Court will apply the preponderance standard to this case consistent with the Eighth Circuit case law.

**2. Timeliness**

Plaintiff argues first that the defendants' Notice of Removal, filed on October 28, 2013, was untimely. Plaintiff believes the removal was untimely because copies of the petition and request for service were sent to defendants by certified mail on June 7, 2013. Plaintiff's counsel also states that on August 22, 2013, he filed a request for alias summons. On September 23, 2013, plaintiff's counsel filed a Summons for Service by Registered or Certified Mail. Plaintiff's counsel states that defendants were given notice through these mailings and this triggered the 30-day time period for filing the notice of removal. This assertion is incorrect. In Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753 (8th Cir.2001), the court stated that the Supreme Court

6

in <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), found:

> that formal process is required, noting the difference between mere notice to a defendant and official service of process: 'An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.' . . .Thus, a defendant is 'required to take action' as a defendant- that is, bound by the thirty-day limit on removal- 'only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.

<u>Id</u>. at 756, (quoting <u>Murphy Bros.</u>, 526 U.S. at 350, 119 S.Ct. 1322).

Defendants state that Ocwen was served with the petition on September 26, 2013 and that BANA was never served. There is also no indication that defendant PRLAP was ever served. Defendants Ocwen and BANA filed their Notice of Removal on October 28, 2013, which was within the thirty day time period from the date Ocwen was served. Thus, the Court finds that defendants' Notice of Removal was timely filed.

### 3. Amount in Controversy

Plaintiff states that the value of the "object" in this action is more complex than can be addressed in a motion to remand. Plaintiff explains that he discovered that the northernmost property line contained in the legal description, actually divides the house and he in fact owns two parcels unencumbered by the alleged security instrument and that only 40% of the square footage of the plaintiff's home was in fact named in the legal description. Plaintiff states that the value of the "object" can only be determined in state court after adjudication of many factors under Missouri law. Defendant states that the amount in controversy is the value of the note, which is $165,243.12.

In <u>Usery v. Anadarko Petroleum Corp.</u>, 606 F.3d 1017 (8th Cir.2010), the Court stated:

7

> We have held repeatedly that in a suit for declaratory or injunctive relief the amount in controversy is the value to the plaintiff of the right that is in issue. . . .The question is not how a plaintiff subjectively values a right or even what his or her good-faith estimate of its objective value is: The question is the actual value of the object of the suit. In a quiet title action, therefore, in deciding the jurisdictional question, a district court must determine what the property interest at issue is worth in the marketplace, which is a matter of objective fact.

Id. at 1019 (internal citations omitted). In this case, plaintiff states in his petition that the November 2012 mortgage statement showed a balance of approximately $154,000 on a home which was appraised at $420,000. (Petition p.2, ¶ 8). Plaintiff states that he has discovered that the northernmost property line of the legal description divided the house and he in fact owns two parcels and only 40% of the square footage of the home was within the parcel named in the legal description. However, even assuming this to be true, 40% of the appraised value would be $168,000, which is still well over the jurisdictional amount. The Court therefore finds that defendant has met its burden to prove that the amount in controversy exceeds $75,000.00.

### 4. Diversity Jurisdiction

Plaintiff makes a number of confusing arguments regarding the issue of diversity jurisdiction. Plaintiff states that a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated. Plaintiff alleges that "[m]ost courts have treated such multi-state corporations as citizens of every state by which they have been incorporated." Plaintiff then argues that removal jurisdiction is improper because "[d]efendants are each registered in the State of Missouri specifically to allow the practice of conducting real estate transactions within the State pursuant to Missouri Law." (Plaintiff's Motion to Remand, p. 14).

Defendants state that complete diversity exists in this case, because plaintiff is a

Missouri citizen, but no other defendant is a citizen of Missouri. Defendants state that BANA is a federally chartered bank, with its main office in North Carolina. 28 U.S.C. § 1348 states that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." In Armed Forces Bank, N.A. v. Gianulias, No. 11-974-CV-W-DGK, 2012 WL 1077894 (W.D.Mo. Mar. 30, 2012), the Court stated, "[a] national bank is a citizen of the state where its main office, as established in its articles of incorporation, is located." Id. at 2, (citing Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006)). Defendants state that Ocwen is a citizen of both Florida and Georgia. A corporation is considered a citizen of the state in which it is incorporated and also the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 78, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Defendants state that because Ocwen Financial Corporation filed its articles of incorporation in Florida and because its principal place of business is located in Georgia, Ocwen is considered a citizen of both of these states. Plaintiff alleges in his motion to remand that plaintiff is a foreign corporation, but is incorporated in the State of Missouri as an LLC. Defendants state that plaintiff may have confused Ocwen Financial Corporation, (the entity he sued) with Ocwen Financial Services SRL, LLC, which is a foreign limited liability company registered to do business in Missouri. Therefore, because the Court finds that the two properly joined defendants are not citizens of Missouri, complete diversity of citizenship exists between the parties and jurisdiction is proper.

**5. Joinder of all defendants**

Plaintiff also claims that the removal is defective because not all of the defendants joined in the removal. Plaintiff alleges that neither defendant has filed the consent as required by the statute. Plaintiff named three defendants in his petition: BANA, PRLAP, Inc. and Ocwen Financial Corporation. The case was removed by both BANA and Ocwen, as is evidenced by the Notice of Removal (Doc. # 1). Defendants state that even though plaintiff named PRLAP in the petition, this defendant was fraudulently joined and should be disregarded for purposes of determining if diversity jurisdiction exists. Defendants state that PRLAP is fraudulently joined because despite being named as a defendant in the petition, plaintiff asserts no claim against PRLAP and makes no mention of PRLAP in the petition. Defendants state that fraudulently joined defendants need not join in or consent to removal. In the Motion to Remand, plaintiff argues that PRLAP is a successor trustee and is therefore a necessary party. However, as the Court noted in Wivell v. Wells Fargo Bank, N.A., No. 12-3457-CV-S-DGK, 2013 WL 2089222 (W.D.Mo. May 14, 2013),

> [u]nder Missouri law, as a trustee of a deed of trust, [the trustee] is a nominal party in an equitable foreclosure claim, thus the court ignores its citizenship in determining whether diversity jurisdiction exists. . . .Nominal parties are those who lack a real interest in the result of the suit or an ownership interest in the property at issue, such as a party that is merely the holder of the stakes between the plaintiff and defendant. . . .Missouri law provides that in an action affecting a deed of trust, the trustee of the deed of trust is a nominal party because it is a mere stake holder in the dispute between the real parties in interest, the creditor and the debtor.

Id. at 2 (internal citations omitted).

Thus, the Court finds that defendant PRLAP is a nominal party and it was not necessary for PRLAP to join in or consent to the Notice of Removal.

Therefore, because the citizenship of the plaintiff is diverse from the citizenship of each of the defendants, the amount in controversy exceeds $75,000.00 and the Notice of Removal was timely filed, the Court finds that jurisdiction is proper. Accordingly, plaintiff's Motion to Remand is hereby **DENIED** (Doc. #8).

## IV.     CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** defendants Motion to Dismiss (Doc. # 5) and DENIES Plaintiff's Motion to Remand (Doc. # 8).


Date: May 22, 2014　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge