# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHARLES EMMONS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 13-CV-1055-FJG |
| BANK OF AMERICA, N.A., PRLAP, INC., and OCWEN FINANCIAL CORPORATION, | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is defendant Bank of America, N.A.'s ("BANA") and Ocwen Financial Corporation's ("Ocwen") Motion for Default Judgment (Doc. # 37), Charles Emmons' Motion to Set Aside Dismissal of First Amended Petition (Doc. # 41), Judith A. Kuhlman's Motion for Leave to File Answer Out of Time and in Opposition to Motion for Default Judgment (Doc. # 43) and Bank of America's Motion to Withdraw its Motion for Default Judgment (Doc. # 45).

### I. BACKGROUND

On June 7, 2013, plaintiff proceeding pro se, filed a "Petition to Remove Lien" in the Clay County District Court. Plaintiff states in his petition that "pursuant to Missouri Statute 428.120 plaintiff petitions Clay County District Court to direct the lien claimants, ex parte, to appear before the court within ten business days following the date of service of the petition and order on the lien claimant, and show cause, if any, why the claim of lien should not be declared void and other relief provided by section 428.125

should not be granted."

Plaintiff alleges that Judith Kuhlman and her deceased husband (Paul W. Kuhlman) owned the subject property. Plaintiff states that on May 1, 2013, he contacted Judith Kuhlman about the property located at 3000 N.E. 76th Street, Gladstone, Missouri. Plaintiff states he agreed to make all necessary repairs to the property in exchange for equity in the property. Plaintiff states that a search of county records revealed that there were three liens filed against the property. One was from Bank of America titled "Deed of Trust," dated 12/4/2007 and filed 2/27/2008. It stated that "[t]he lien [on] this Deed of Trust shall not exceed at any one time $165,243.12." The two other liens were tax liens. Plaintiff states that he agreed to take a Quitclaim Deed to the property and assume any and all responsibility for liens on the property, finish repairs at his own expense and assist Judith Kuhlman in other matters. Plaintiff states that he and Mrs. Kuhlman believe that her deceased spouse, Paul Kuhlman, intended the mortgage to be in Mr. Kuhlman's name only. Plaintiff asserts that Mrs. Kuhlman believes that her signature on the Deed of Trust "appears forged." Plaintiff alleges that Judith Kuhlman quitclaimed her interests in the property to him on June 1, 2013 and he filed the quitclaim with the Clay County Recorder of Deeds on June 3, 2013. Defendants removed the case to federal court on October 28, 2013. On February 20, 2014, the Court granted the parties' Joint Motion for a sixty day stay of proceedings in the case. On April 10, 2014, the parties filed a Joint Status Report indicating that they were not able to resolve the case and in order to fully resolve the case, they needed to add the borrower as a party to the case. On May 5, 2014 Bank of America filed a counterclaim against plaintiff Charles Emmons and a third-party complaint against Judith Kuhlman

and other entities. Plaintiff filed a First Amended Complaint on June 19, 2014. On July 7, 2014, Bank of America filed a Motion to Dismiss for Failure to State a Claim. Plaintiff failed to respond within the time allowed and on August 12, 2014 the Court issued an order to show cause to plaintiff why the matter should not be dismissed. On September 3, 2014, the Court dismissed plaintiff's Complaint without prejudice for failure to prosecute and failure to respond to the Order to Show Cause. On September 23, 2014, Bank of America filed a Motion for Default Judgment against Judith Kuhlman as to the third-party petition. On October 1, 2014, plaintiff filed a motion to set aside the dismissal of the First Amended Petition. On October 10, 2014, counsel for defendant Judith Kuhlman filed a Motion for Leave to File her Answer Out of Time. On October 15, 2014, Third-Party Plaintiff Bank of America filed a Motion to Withdraw its Motion for Default Judgment against defendant Kuhlman. On October 16, 2014, Third-Party Plaintiff Bank of America filed a response indicating that it had no opposition to defendant Kuhlman's Motion for Leave to File Her Answer Out of Time. On January 26, 2015, the parties filed a Joint Status Report and a Motion to Extend Discovery Deadlines.

## II. DISCUSSION

### A. Motion for Default Judgment/Motion to Withdraw

Third-party plaintiff Bank of America initially filed a Motion for Default Judgment against third-party defendant Judith Kuhlman on September 23, 2014. However, due to on-going efforts to resolve this case, Bank of America has now moved to withdraw its Motion for Default Judgment. Accordingly, the Court hereby **GRANTS** Bank of America's Motion to Withdraw its Motion for Default Judgment (Doc. # 45). The Court

3

hereby **ORDERS** that Bank of America's Motion for Default Judgment (Doc. # 37) be **STRICKEN** from the record.

### B. Motion for Leave to File Answer Out of Time

On May 5, 2014, Bank of America filed a Counterclaim and Third-Party Petition. The Third-Party Petition asserted four claims against Judith Kuhlman: Reformation of Instruments for Mutual Mistake, Quiet Title, Judicial Foreclosure pursuant to Mo.Rev.Stat §443.190 and Breach of Contract. Ms. Kuhlman was served with the third-party petition on May 18, 2014. Due to confusion on her part, Ms. Kuhlman states that she believed that her interests were being protected by the claims and defense of Charles Emmons. Ms. Kuhlman states that her actions in not filing an Answer were due to inadvertence, mistake and excusable neglect. Third-party plaintiff Bank of America filed a response indicating that it had no opposition to the Motion for Leave to File An Answer Out of Time. Accordingly, for good cause shown and with no opposition indicated, the Court hereby **GRANTS** Third-Party Defendant Kuhlman's Motion for Leave to File An Answer Out of Time (Doc # 43). Third-Party Defendant Kuhlman shall file a response to Bank of America's Third-Party petition on or before **February 17, 2015**.

### C. Emmons' Motion to Set Aside Dismissal of First Amended Petition

On June 19, 2014, plaintiff, Charles Emmons, filed a First Amended Petition to Remove Lien and Quiet Title and in the Alternative for Compensation Quantum Meruit (Doc. # 27). On July 7, 2014, Bank of America and Ocwen Financial Corporation filed a Motion to Dismiss for Failure to State a Claim. Plaintiff's response to the Motion to Dismiss was due on or before July 24, 2014. On August 12, 2014, the Court issued an

4

Order directing plaintiff to show cause on or before August 20, 2014, why the First Amended Petition should not be dismissed for failure to prosecute. On September 3, 2014, the Court dismissed plaintiff's First Amended Complaint without prejudice for failure to respond to the Motion to Dismiss or the Order to Show Cause. On October 1, 2014, plaintiff filed a Motion Seeking to Set Aside the Dismissal of the First Amended Petition.

In the motion, plaintiff's counsel, William Quitmeier, states that "[w]hen this case was being asked to be removed to Federal Court [plaintiff] asked William M. Quitmeier to enter his appearance for the pro se Plaintiff. William M. Quitmeier advised the Plaintiff that he was unfamiliar with Federal Court procedures, but would assist him to object to the removal." (Motion to Set Aside Dismissal, ¶ 2). Plaintiff's counsel also states: "[a]ny failure of Plaintiff to respond to orders to show cause was not intentional, but under the mistaken belief that while the matter was in serious settlement talks prompted by Court ordered mediation, the Defendant Bank of America and Plaintiff were jointly keeping the court apprised of the progress of the case and settlement negotiations. Plaintiff and Defendant Bank of America felt the court was being kept advised." (Motion, ¶ 9). Finally, plaintiff's counsel states that "[i]f the Plaintiff missed an electronically filed order to show cause, then this was inadvertent in an era of transition to paperless document production in the court systems. The remedy of dismissal under these circumstances is excessively harsh because many of us continue in a learning process regarding this evolution." (Motion, ¶ 11).

In opposition, defendants argue that plaintiff has not demonstrated mistake, inadvertence or excusable neglect as required under Fed.R.Civ.P. 60(b). Fed.R.Civ.P.

5

60(b) states in part:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise or excusable neglect . . .

In In re Guidant Corp. Implantable Defibrillators Products Liability Litigation, 496 F.3d 863 (8th Cir. 2007), the court stated:

> In assessing whether conduct is excusable, several factors must be taken into account, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). These four Pioneer factors do not carry equal weight; the reason for delay is a key factor in the analysis. Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000).

Id. at 866-67. The Court in U.S. Commodity Futures Trading Com'n. v. Arrington, 998 F.Supp.2d 847 (D.Neb. Jan. 28, 2014), stated, "[t]he Eighth Circuit has held that professional carelessness does not warrant relief under Rule 60(b)." Id. at 882.

In the instant case, plaintiff's counsel states that he was unfamiliar with Federal court procedures and believed that because the parties were participating in settlement discussions, the Court was being kept apprised of their progress. However, unfamiliarity with the federal rules or local court rules does not qualify as "excusable neglect." In Ceridian Corp. v. SCSC Corp., 212 F.3d 398 (8th Cir. 2000), the Court noted:

> [s]oon after Pioneer, it was established [in the Eleventh Circuit] that attorney error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline. And, no circuit that has considered the issue after Pioneer has held that an attorney's failure to grasp the relevant procedural law is "excusable neglect."

Id. at 404 (quoting Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th

6

Cir.1997)). The mediator in this case was designated on May 12, 2014 (Doc. # 22). In the pleading designating the mediator, the parties stated that the mediation was scheduled to take place on August 7, 2014. The mediation was not successful in resolving the case. On August 12, 2014, the Court issued an Order directing plaintiff to show cause why the matter should not be dismissed for failure to prosecute. Even if plaintiff's counsel believed that the parties did not have to respond to motions while they were engaged in active settlement discussions, he should have been on notice that a response was due after the unsuccessful mediation and the Court issued its Order to Show Cause setting a deadline for the response. The Court does not find that this qualifies as excusable neglect.

The second reason that plaintiff's counsel offers as a reason for setting aside the dismissal is because this is an "era of transition to paperless document production in the court systems . . .many of us continue in a learning process regarding this evolution." The Court would note that the General Order authorizing Electronic Filing Procedures was issued by this Court on September 20, 2004, over ten years ago. This Order is available on the Court's website. Additionally, step-by-step instructions on how to electronically file documents are also listed on the Court's website. The Court would also note that plaintiff's counsel was able to successfully file documents and respond to motions via the Court's CM/ECF system well before the Order to Show Cause was issued. If plaintiff's counsel were truly having difficulty navigating the CM/ECF filing system, he could have contacted the Court for assistance.

In analyzing the <u>Pioneer</u> factors, the Court finds that if it were to grant the Motion to Set Aside the Dismissal, the defendants would be prejudiced. They have actively

7

litigated this action and are entitled to rely upon final orders of the court. Granting the motion to set aside the dismissal would also delay resolution of this case. The Court would also note that plaintiff will not suffer undue prejudice, as defendants' counterclaim contains a quiet title claim against plaintiff. Thus, plaintiff can assert his claims and defenses regarding the quiet title claim, just as he would have in his Amended Complaint. The length of delay also weighs in favor of denying the motion. Plaintiff's counsel filed the Motion to Set Aside the Dismissal almost a month after the Court dismissed plaintiff's case. The Court does not find that plaintiff's counsel acted in good faith nor did he provide any good reasons for failing to respond to the Order to Show Cause. Accordingly, because the Court finds that plaintiff's counsel has failed to demonstrate excusable neglect, the Court hereby **DENIES** plaintiff's Motion to Set Aside the Dismissal of First Amended Complaint (Doc. # 41).

### D. Amended Scheduling Order

In the Joint Status Report filed with the Court on January 26, 2015, the parties state that after the Court has ruled on the pending motions, they would like to file proposed dates for an Amended Scheduling Order so that they may have additional time to continue to work towards a possible resolution of this matter. Accordingly, the Court hereby **ORDERS** the parties to file proposed dates for an Amended Scheduling and Trial Order on or before **February 17, 2015**. The parties shall file a joint status report regarding the current status of the case on or before **March 16, 2015**.

### III. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Bank of America's Motion to Withdraw its Motion for Default Judgment (Doc. # 45) and **ORDERS** that

8

defendants' Motion for Default Judgment (Doc. # 37) be **STRICKEN FROM THE RECORD**. The Court **DENIES** Charles Emmons' Motion to Set Aside Dismissal of First Amended Petition (Doc. # 41), and **GRANTS** Judith A. Kuhlman's Motion for Leave to File Answer Out of Time (Doc. # 43).

Date: <u>February 9, 2015</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge