# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHARLES EMMONS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 15-CV-00799-FJG |
| BANK OF AMERICA, N.A., PRLAP, INC., and OCWEN FINANCIAL CORPORATION and JUDITH KUHLMAN | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is defendant Bank of America, N.A.'s ("BANA") and Ocwen Financial Corporation's ("Ocwen") Motion to Consolidate Cases (Doc. # 4) and Defendants' Motions to Dismiss (Doc. # 8).

### I. BACKGROUND

On December 4, 2007, Judith A. Kuhlman and Paul W. Kuhlman, entered into a promissory note in the principal amount of $165,243.12. The Note was secured the same day by a Deed of Trust. The Note and Deed of Trust related to real property located at 3000 NE 76th Street, Gladstone, Missouri 64119 ("Tract 1"). There is a parcel of property adjoining the northern border of Tract 1, which is also the subject of the lawsuit. This parcel will be referred to as the "Adjacent Property" or "Tract 2." A residence straddles both of these properties. Approximately 40% of the residence is located on Tract 1 and the remaining 60% is located on Tract 2.

Mr. Kuhlman died on August 9, 2010. On or about April 2012, the Kuhlmans

defaulted on the payment obligations under the Note. In May 2013, plaintiff states that he contacted Judith Kuhlman about the property located at 3000 N.E. 76th Street, Gladstone, Missouri. Plaintiff states he agreed to make all necessary repairs to the property in exchange for equity in the property. Plaintiff states that he agreed to take a Quitclaim Deed to the property and assume any and all responsibility for liens on the property, finish repairs at his own expense and assist Judith Kuhlman in other matters. Plaintiff also alleges that Judith Kuhlman does not recall signing any note or deed or trust regarding securing this property for a mortgage to Bank of America. Plaintiff states that since acquiring the properties, he has furnished goods and services to the Residence thereby making significant, material, valuable and beneficial improvements to the property. Plaintiff alleged that Judith Kuhlman quitclaimed her interests in the property to him on June 1, 2013 and he filed the quitclaim with the Clay County Recorder of Deeds on June 3, 2013. On June 7, 2013 plaintiff filed a "Petition to Remove Lien" in the Clay County District Court. Defendants removed the first case to this Court on October 28, 2013. (Case No. 13-1055). In that case, plaintiff Charles Emmons sued Bank of America, PRLAP, Inc. and Ocwen Financial Corp. for Quiet Title and Quantum Meruit. On May 5, 2014, Bank of America filed a counterclaim against plaintiff Charles Emmons and a third-party complaint against Judith Kuhlman and other entities. On July 7, 2014 Bank of American and Ocwen Financial Corporation filed a Motion to Dismiss for Failure to State a Claim. Plaintiff's counsel failed to file a response to the motion or to an Order to Show Cause. On September 3, 2014, the Court dismissed plaintiff's First Amended Complaint in Case No. 13-1055. The claims which remain in that case are Bank of America's counterclaim for Quiet Title against

Charles Emmons and Bank of America's Third-Party Complaint against Emmons, Judith Kuhlman and the Kuhlman Estate for Reformation of Instruments, Quiet Title, Judicial Foreclosure and Breach of Contract. On October 1, 2015, the Court stayed the proceedings in Case No. 13-1055 in order to give the parties an opportunity to resolve the matter. The parties have been unsuccessful in resolving the litigation.

On September 2, 2015, Charles Emmons filed a petition in the Circuit Court of Clay County to Review Lien and Quiet Title and in the alternative for Compensation Quantum Meruit. Named as defendants were Bank of America, Ocwen, PRLAP, Inc. and Judith Kuhlman. Defendants removed that case to this Court on October 14, 2015 (Case No. 15-799). Bank of America and Ocwen have filed the instant Motion to Dismiss this action and have also moved to consolidate Case No. 15-799 with Case No. 13-1055.

## II.  STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in

3

the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

### III. DISCUSSION

**A. Defendants' Motion to Dismiss**

Defendants state that on December 4, 2007, Judith A Kuhlman and Paul W. Kuhlman entered into a promissory note. Defendants state that the promissory note was secured by a Deed of Trust. The Note and the Deed of Trust relate to real property commonly referred to as 3000 NE 76th Street, Kansas City, Missouri 64119 ("Tract 1"). The parcel of property adjoining the northern border of the Property is also the subject of the lawsuit ("Tract 2"). Defendants argue that plaintiff is unable to assert a claim for quiet title, because he "has made the cardinal error of attempting to use an alleged infirmity in another party's interest to establish his own interest." (Suggestions in Support of Motion to Dismiss, p. 4).

> Under Missouri law, any person claiming title or interest in real property "may institute an action against any person or persons having or claiming to have any title, estate or interest in such property." Mo.Rev.Stat. § 527.150(1). To maintain a cause of action for quiet title, a plaintiff must plead: (1) ownership of the described real estate; (2) that the defendant claims title or interest in the subject premises; and (3) such claim is adverse and prejudicial to plaintiff.

White v. CTX Mortgage, LLC, No. 13-0335-CV-W-DGK, 2014 WL 1806705, *6 (W.D.Mo. May 7, 2014). Plaintiffs must plead "facts showing they, in fact, have a superior title to the property at issue." Dufrenne v. Citimortgage, Inc., No. 4:09CV1524 HEA, 2009 WL 5103275, *3 (E.D.Mo. Dec.17, 2009). Defendants state that while a quitclaim deed is effective for purposes of conveying title, an individual who takes title by quitclaim deed does so subject to all outstanding interests and liens. Because Emmons interest in the property is subject to a first priority lien interest due to the Deed

4

of Trust and the default under the Loan, plaintiff has failed to adequately allege superiority of title.

In opposition, plaintiff states that he has alleged that he "acquired **fee simple** interest in these Properties (Tract 1 and Tract 2) by deed from Defendant Judith A. Kuhlman in exchange for good and valuable consideration received by her." (Petition, Doc. 1-1, p.3 ¶ 7). Plaintiff also states that "[s]ince acquiring the Properties Plaintiff furnished goods and services to the Residence thereby making significant, material, valuable, and beneficial improvements to the Property." (Petition, p. 3, ¶ 10). Plaintiff requests that the Court quiet title to the above described properties in favor of Plaintiff and extinguish all purported liens Bank of America or others might claim against the properties.

In <u>Augustine v. Bank of America, N.A.</u>, No. 4:11CV2251CDP, 2012 WL 1379654 (E.D.Mo. Apr.20, 2012), the Court stated:

> Missouri law follows the lien theory regarding mortgages, which means that "a grantor in a deed of trust does not convey the title to a trustee, but creates a lien on the land to secure the payment of debt, and that the grantor continues [as] the owner of the land until entry for breach of the condition of the deed of trust."

<u>Id</u>. at *3 (quoting <u>R.L. Sweet Lumber Co. v. E.L. Lane Inc.</u>, 513 S.W.2d 365, 369 (Mo.1974)). In that case, the Court found that this meant that the plaintiff held legal title to his property, but his interest was subject to a lien held by the mortgagee. The Court found that if plaintiff was correct that the defendants were not lawfully entitled to appoint a successor trustee and initiate foreclosure on the property because there was no legal assignment of the deed of trust or note, then the plaintiff's interest would in fact be superior to that of the defendants.

5

Upon review of the plaintiff's petition, the defendants allege that the Note and the Deed of Trust relate to Tract 1, but state nothing regarding Tract 2, other than it is the subject of the lawsuit. On the other hand, plaintiff has alleged in his Petition that he acquired fee simple interest in *both* Tracts 1 and 2 by deed from Judith Kuhlman. The Court finds that plaintiff has sufficiently alleged the elements necessary to state a claim for quiet title because he has alleged that he acquired fee simple title in both Tracts of land and that his interest is superior to that of defendants. With regard to plaintiff's claim for Quantum Meruit, defendants argue that plaintiff has only recited the elements of this cause of action, but had not described in any detail what services or materials he has provided that have improved the property nor alleged any facts relating to defendants requesting or approving the services. The Court finds that plaintiff has only barely alleged facts relating to this claim. However, rather than dismiss this Court, the Court will rather allow plaintiff an opportunity to further expand upon the factual basis for this claim. Accordingly, the Court hereby **DENIES** defendants' Motion to Dismiss (Doc. #8 ). Plaintiff is directed to file an Amended Complaint providing additional factual details related to his claims on or before **September 19, 2016**.

### B. Motion to Consolidate Cases

Defendants have moved to consolidate Case No. 13-1055 (the "First Case") with Case No. 15-99 (the "Instant Case"), because they involve many of the same legal and factual issues. Pursuant to Fed.R.Civ.P. 42(a)(2), a court may consolidate actions if they involve a common question of law or fact. See In the Matter of the Complaint of American River Transportation Company for Exoneration From, or Limitation of, Liability, No. 4:11-CV-523(CEJ), 2016 WL 1615677, *3 (E.D.Mo. Apr. 22, 2016).

Defendants state that in both cases, the plaintiff sued Bank of America, Ocwen and PRLAP to remove lien and quiet title to real property located at 3000 NE 76th Street, Gladstone, Missouri or in the alternative for compensation quantum meruit. Defendants also state that consolidation of the two actions would advance the interests of judicial economy of the Court and the parties and would minimize the likelihood of inconsistent results. Defendants state that all parties consent to the consolidation of these actions. Accordingly, for good cause shown and with no opposition indicated, the Court hereby **GRANTS** Defendants' Motion to Consolidate and **CONSOLIDATES** Case No. 13-1055 with Case No. 15-799. The Clerk of the Court shall enter this Order in each of the consolidated cases. Case No. 15-799, shall be the lead case and Case no. 13-1055, shall be the subordinate case. The parties are advised that all future filings shall be made only in the lead case, and each filing shall clearly indicate the relevant case number. No filings will be permitted in the subordinate case. The parties are advised that consolidation does not merge the cases into a single action, and each will retain its separate character. However, the Court will enter a single scheduling order for both cases.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Defendants' Motion to Dismiss (Doc. # 8) and **GRANTS** the Motion to Consolidate Cases (Doc. # 4). Plaintiff is directed to file an Amended Complaint in Case No. 15-799 on or before **September 19, 2016**.

Date: August 30, 2016  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge